IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV325-02-MU

```
DAVID CRUMP,                  )
     Plaintiff,               )
                              )
      v.                      )
                              )
NORTH CAROLINA DEPART-        )
  MENT OF CORRECTIONS;        )
BOYD BENNETT, Director of     )
  N.C. Dept. Of Correc-       )
  tions;                      )
(FNU) WITHERSPOON, Cap-       )
  tain at Lanesboro           )         O R D E R
  Correctional Institu-       )
  tion;                       )
(FNU) WILLIAMS, Lieu-         )
  tenant at Lanesboro         )
  Correctional Institu-       )
  tion; and                   )
(FNU) BOWMAN, Sergeant at     )
  Lanesboro Correctional      )
  Institution,                )
     Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's amended civil rights Complaint under 42 U.S.C. §1983.

According to the record, Plaintiff initially filed an action in the United States District Court for the Northern District of Illinois, naming as defendants the United States Attorney for the Northern District of Illinois and one of his Assistant United States Attorneys, for their alleged failure to protect Plaintiff from harm in connection with his having testified against a

Muslim individual in federal Court in Illinois; and naming two correctional officers from the North Carolina Department of Corrections, for their allegedly having "re-injured" his left hand/wrist by ordering to wear physical restraints on two separate occasions. By way of relief, Plaintiff stated that he wanted: "the United States Government to protect [him] from these attacks by providing protection, or ordering protection through the federal courts to be provided by the N.C. Dept. Of Corrections, and to order medical treatment. Lt. Williams termination. Plaintiff also request[ed] appointment of counsel in this case."

However, upon initial review of that matter, the Honorable Charles R. Norgle, Sr., United States District Judge for the North District of Illinois, dismissed Plaintiff's allegations against the two Illinois prosecutors but determined that the Illinois Court lacked venue to entertain the allegations against the N.C.D.O.C. employees. Consequently, Judge Norgle entered an Order transferring the remaining claims against the two North Carolina defendants to this Court.

Thereafter, Plaintiff filed the amended Complaint under 42 U.S.C. § 1983 which did not incorporate the original Complaint. Such amended Complaint named Defendants Williams and Witherspoon and two additional defendants. Plaintiff set forth similar, but less descriptive allegations against Defendants Williams and

2

Witherspoon. The amended Complaint also Defendant Boyd Bennett alleges that he failed to respond to Plaintiff's letters complaining about threats of harm from inmates and staff at a prison facility; and Defendant Bowen is accused of having threatened to beat up Plaintiff on an occasion if he did not plead guilty to an infraction. Consistent with his first Complaint, however, Plaintiff still does not expressly request monetary relief. Rather, Plaintiff asks this Court to "(1) [d]eclare that the acts and omissions described herein violate [his] rights under the Constitution and the laws of the United States[;] (2) enter preliminary and permanent injunctions [against] defendants, their successors, agents, employees and all persons acting in concert with them to protect Plaintiff from both prison staff and hostile gang members and other known enemies[;] (3) [order] that Plaintiff be placed in Federal Protective Custody for the remainder of his prison term[; and] (4) order such additional relief as this Honorable Court may deem just and proper."

Upon the careful review of this Court it appears that the requested declaratory and injunctive relief likely could not be imposed as against all of the named defendants. Nevertheless, it also goes without saying that Plaintiff is entitled to be protected from harm as he serves the balance of his prison sentence. Thus, the Court is considering partially granting Plaintiff's request for injunctive relief but finds that a further record is

necessary before it can enter a final Order in this action. Accordingly, Defendants will be required to answer Plaintiff's Complaint as hereafter directed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Clerk shall prepare process for Defendants and deliver same to the United States Marshal.

2. The United States Marshal shall serve Defendants with process in this action.

3. The Defendants shall file an answer or answers to Plaintiff's Complaint as provided for under the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: August 27, 2008

Graham C. Mullen
United States District Judge