```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:05CV325-02-MU
```

DAVID CRUMP,                    )
    Plaintiff,              )
                           )
    v.                      )
                            )
NORTH CAROLINA DEPARTMENT OF    )
  CORRECTIONS;                  )
BOYD BENNETT, Director of       )
  N.C. Dept. Of Corrections;    )
BENITA WITHERSPOON, Captain at  )
  Lanesboro Correctional In-    )       __O R D E R__
  stitution;                    )
SHEREAN WILLIAMS, Lieutenant    )
  at Lanesboro Correctional     )
  Institution; and              )
LACY BOWMAN, JR., formerly a    )
  Sergeant at Lanesboro Cor-    )
  rectional Institution,        )
  Institution,                  )
    Defendants.             )
_____)

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, originally filed in the United States District Court for the District of Illinois on June 17, 2005 (amended June 29, 2005), and transferred to this Court by Order entered June 24, 2005 (document # 1); on Plaintiff's Motion for Hearing for Immediate Placement in Federal Protective Custody, filed September 4, 2008 (document # 5); on Plaintiff's "Motion for Enforcement of Preliminary Injunction Made Against Defendants and Their Agents to Prevent Physical and Mental

Assault on Plaintiff . . . ," filed September 11, 2008 (document # 7); on Plaintiff's Request for Federal Protective Custody, filed September 12, 2008 (document # 9); on Plaintiff's Motion for the Appointment of Counsel, filed September 18, 2008 (document # 15); on Defendants' Motion to Extend Time to respond to Plaintiff's Complaint, filed September 22, 2008 (document # 16); on Plaintiff's third Motion for Federal Protective Custody and his second for the Appointment of Counsel, filed September 23, 2008 (document # 17); on Plaintiff's "Motion For [H]earing On [D]isposition On Injunction For Federal Protective Custody And Motion For Injunction [A]gainst Defendants [A]cts Of Physical [A]ttacks [O]n Plaintiff," filed October 1, 2008 (document # 18); on Defendants' Motion for Summary Judgment, filed October 2, 2008 (document # 20); and on Plaintiff's so-called "Order To Show Cause For A Temporary Restraining Order Declaration From Plaintiff," filed October 7, 2008 (document # 22).

After careful consideration, for the reasons stated herein, and for the further reasons stated in Defendants' supporting brief, Defendants' Motion to Extend Time will be granted, nunc pro tunc; Plaintiff's Motions for Federal Protective Custody (document ## 5, 9, 17 and 18) will be denied; Plaintiff's Motions for the Appointment of Counsel (document ## 15, 17) will be denied; Plaintiff's Motion for Enforcement of Preliminary Injunction (document # 7) will be denied; Plaintiff's request for

an order to show cause for a temporary restraining order (document # 22) will be <u>denied</u>; Defendants' Motion for Summary Judgment will be <u>granted</u>; and Plaintiff's Complaint will be <u>denied</u> and <u>dismissed</u>.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this case, the record reflects that on June 28, 2005, Plaintiff filed an amended civil rights complaint in the United States District Court for the Northern District of Illinois, Eastern Division. In addition to the individuals currently shown as Defendants in the case's caption, Plaintiff Complaint also named as defendants the United States Government; the United States Attorney for the Northern District of Illinois; and an assistant federal prosecutor in Illinois. Among other matters, the Complaint filed in Illinois alleged that in April 2002, a Writ of <u>Habeas Corpus Ad Testificandum</u> was issued to transfer Plaintiff from a N.C.D.O.C. facility to a correctional facility in Chicago for the purpose of the Illinois U.S. Attorney's Office presenting him as a witness in the case of <u>United States v. Mohammed Hamden</u>, a Muslim individual.

According to Plaintiff, after he was returned to North Carolina, prison employees/officials (who are not parties to the instant case) at the Albemarle Correctional Institution ("ACI," hereafter),[1] disclosed to inmates there that Plaintiff had testi-

---

[1] ACI is located within the Middle District of North Carolina.

fied against Hamden.  As a result, Plaintiff claimed that on May 22, 2003, he was threatened by several Muslim gang members at the ACI.  Plaintiff further claimed that when he reported the matter he was told by ACI's Superintendent that he would be moved; however, he was not moved.  Rather, Plaintiff reported that on July 25, 2003, he was attacked by gang members, and then was placed in solitary confinement to cover up ACI's failure to protect him.  Plaintiff further alleged that on September 22, 2004, he was threatened by certain otherwise unidentified "N.C. Prison Agents" in retaliation for his having filed an unspecified complaint; that on November 22, 2004, he suffered a second attack by Muslim gang members at ACI; and that he asked the Illinois prosecutors (Fitzgerald and Niewoehner) for help, but his requests were ignored.

However, the Illinois Court in which this action initially was filed, examined the file from the <u>Hamden</u> prosecution and found that there was no order or any mention of a document by which the Government promised to protect Plaintiff from inmate or guard assaults upon his return to the N.C.D.O.C.  The Illinois Court further found that inasmuch as the first threats against Plaintiff were made more than a year after he testified against Hamden, Plaintiff merely was speculating that the threats and attacks were due to his cooperation.  Therefore, by Order filed June 24, 2005, the Illinois Court dismissed the Illinois

4

prosecutors Plaintiff's action.

In addition, without making a determination about the merits of Plaintiff's remaining allegations, the Illinois Court determined that the jurisdiction in which the remaining Defendants were employed would be the proper venue in which to resolve Plaintiff's other matters. Accordingly, the Illinois Court's Order also transferred Plaintiff's remaining claims to this District.

As to those remaining claims, Plaintiff alleges that on December 13, 2004, **Defendant Bowman** threatened him by telling him that if he did not "plead guilty to the charges against [him], he would 'kick [Plaintiff's] ass."

Plaintiff alleges that on February 20, 2005, **Defendant Witherspoon** assaulted him by placing him in full body restraints for several hours because Plaintiff inquired about his "diet tray"; that such restraints "re-injured" Plaintiff's left hand and wrist; that while in restraints used the bathroom on himself; that his injuries were only treated with Ibuprophen; that he also did not receive a splint which subsequently was ordered for his arm; and that his arm was further injured by **Defendant Williams** when he "plac[ed] 10-pound locks on [Plaintiff's] wrist for a 7 ½ hour transfer by car" to another prison facility on March 28, 2005.

By way of relief, Plaintiff asks, <u>inter alia</u> for a decla-

ration that Defendants' conduct violated his constitutional right, for preliminary and permanent injunctions to protect Plaintiff from prison staff and hostile gang members, and to be placed in federal protective custody. Id. at 11.

After reviewing Plaintiff's Complaint, the undersigned directed Defendants to respond to the foregoing allegations. (document # 3). To that end, On October 2, 2008, Defendants filed a joint Answer denying that they are liable to Plaintiff on any of his allegations (document # 19).

In addition, Defendants' filed a Motion for Summary Judgment and supporting Brief contending that they all are entitled to a judgment as a matter of law (document ## 20 and 21).

Last, on October 9, 2008, Plaintiff filed "Plaintiff's Motion to Deny Defendants' Motion For Summary Judgement" which document actually purports to reply to Defendants' assertions that they are entitled to a summary judgment. In any case, after careful consideration –- and in stark contrast to the Court's initial impression about this case, the undersigned finds that Defendants, in fact, are entitled to a summary judgment.

## II. <u>SUMMARY JUDGMENT STANDARD</u>

At the outset, this Court notes the relevant rules provide that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

6

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes such a showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see also Celotex v. Catrett 477 U.S. 317 (1986).

Furthermore, while this Court is aware of its obligation liberally to construe a complaint filed by a pro se litigant in order to ensure the development of a potentially meritorious case, Cruz v Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), this obligation does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim for relief; nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). To be sure, while "it is the province of the jury to resolve conflicting inferences from circumstantial evidence, . . . it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests upon speculation and conjecture." Ford Motor C. V. McDavid, 259 F.2d 261 (4th Cir. 1958). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of a summary

7

judgment motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 3365 (4th Cir. 1985). In other words, "a plaintiff cannot rely on 'mere belief or conjecture, or the allegations and denials contained in his pleadings.'" Sand v. Steele, 218 F.Supp. 2d 788, (E.D. Va. 2002), quoting Doyle v. Sentry Insur., 877 F. Supp. 1002, 10005 (E.D. Va. 1995).

In considering a motion for summary judgment, this Court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. Therefore, when the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact"; and summary judgment should be entered. "An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." Lee v. Pruett, 2009 WL 960796, slip op. at 2 (D.S.C. 2009 April 8, 2009) (unpublished). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III. DISCUSSION

#### A. Defendants Department of Corrections and Bennet:

Plaintiff does not specifically allege claims against these two Defendants. Rather, as best as can be determined, Plaintiff

8

is seeking injunctive relief in the form of an order directing these Defendants to protect him from Muslim inmates whom Plaintiff perceives as a danger, and/or to transfer him to federal protective custody.

In response to such request, Defendants argue that Plaintiff's allegations of violence perpetrated by Muslim gang members relate exclusively to an incident which occurred on July 25, 2003, while he was being housed at ACI. As to that matter, ACI's records establish that Plaintiff had an altercation with another inmate, not a gang, on a single occasion. In addition, these two Defendants note that Plaintiff previously alleged the same facts in a § 1983 suit for injunctive relief, but his claim/request was rejected by the United States District Court for the Middle District of North Carolina upon a finding that he had failed to present more than conclusory allegations. See Crump v. Langley, et al., 1:04-CV-1062-WLO (M.D.N.C. July 18, 2006). Indeed, that Order reports the Court's finding that Plaintiff actually was the aggressor during that 2003 altercation.

Defendants also submitted the Affidavit of Sid Harkleroad, the Superintendent of the facility where Plaintiff currently is confined. According to Harkleroad, Plaintiff has been at Marion Correctional Institution since November 2007, and since his arrival, Plaintiff had not made a single complaint of danger posed by any inmate or group of inmates. Thus, Defendants argue

9

that Plaintiff is not entitled to injunctive relief due to his failure to demonstrate, among other matters, the likelihood of irreparable harm if the injunction is denied. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374-75 (2008). (["a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

In reply, Petitioner asserts that the July 23, 2003 altercation actually involved multiple attackers; however, all but one of those individuals fled before prison officials responded to the scene. Plaintiff claims that subsequent to the 2003 attack, he was "almost stabbed" by yet another "gang member," presumably during a fight which Plaintiff reportedly had "after Plaintiff found his cell broken into and his personal property gone." Nevertheless, it has not escaped the Court's attention that Plaintiff's reply does not dispute Defendants' material assertions, namely, that his request for protection from Muslim inmates already was rejected as baseless by another federal court; and that he has not complained about problems with Muslim inmates at his current facility.

As Defendants' suggest, the law is clear that "under § 1983 a party has standing to seek injunctive or declaratory relief

10

'only if the party alleges, and ultimately proves, a real and immediate -- as opposed to a merely conjectural or hypothetical threat of future injury' to the party." Davis v. County of Amherst, 2008 WL 591253, slip op. at 3 (W.D. Va. March 3, 2008), quoting Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994). Consequently, to the extent that Plaintiff's request for injunctive relief is not barred by the doctrine of collateral estoppel (preventing the re-litigation of issues already decide in an earlier action), and/or the doctrine of res judicata (barring further claims by parties or their privies based on the same cause of action), his request for injunctive relief still must be rejected inasmuch as he has failed credibly to allege, let alone forecast evidence to establish, that he is likely to sustain future attacks from Muslim gang members. Winter, 129 S.Ct. at 34-75. Therefore, Defendants Bennett and the N.C.D.O.C are entitled to a summary judgment.

**B. Defendant Bowman**:

Plaintiff alleges that on December 13, 2004, this Defendant threatened to "kick [his] ass" if he did not plead guilty to certain "charges" against him. However, the Court notes that mere threats, without more, simply do not state a constitutional claim for relief. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990); Solomon v. Dixon, 724 F. Supp. 1193, 1196 (E.D.N.C. 1989); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973) (mere

11

"threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."). Nor do "verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety . . . ," constitute a violation of any constitutional rights. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

Furthermore, the Court flatly rejects Plaintiff's attempt to amend his Complaint -- by setting forth additional matters against Defendant Bowman concerning an encounter which allegedly occurred in August 2006 -- without leave of Court. Indeed, notwithstanding the fact that Defendant Bowman has responded to Plaintiff's Complaint and filed a Motion for Summary Judgment, Plaintiff included such additional allegations in his reply without even requesting leave for his proposed amendment. Therefore, this Court will not address such additional matters, and Defendant Bowman is entitled to a summary judgment.

**C. Defendant Williams:**

Plaintiff alleges that Defendant Williams re-injured his left hand on March 28, 2005, when she made him wear heavy restraints during a 7 ½ hour transfer from Lanesboro to Warren Correctional Institution.

In response, Defendant Williams submitted an Affidavit asserting that she was not working at Lanesboro on the date in question, but was in Raleigh attending a training class.

Williams also advised the Court that the North Carolina Industrial Commission previously rejected this same allegation which Plaintiff raised in a tort claim action against her. See Crump v. N.C. Department of Corection, et al., I.C. Nos. TA-19165 & TA-19166 (April 9, 2008) (finding unsubstantiated Plaintiff's testimony that "his left wrist was negligently injured or aggravated by [correctional] employees when he was restrained on 20 February 2005 and/or 28 March 2005.") (emphasis added).

In support of her assertions, Defendant Williams submitted copies of her time sheet for the date in question, showing that she was at an "I D Training" in Raleigh when this incident allegedly occurred.  Williams also submitted copies of Plaintiff's grievance concerning this matter.  Such grievance reflects the Prison medical staff's opinion that Plaintiff's "physical examination [did] not support [his] statements."

In reply, Plaintiff asserts that Defendant Williams has made "false statements" concerning her absence on the date in question, and he speculates that she falsified her time sheet in order to hide her deception.  In fact, Plaintiff asks the Court to order an investigation by the FBI in order to disprove Defendant Williams' representations.  Plaintiff also asserts that he has appealed the Industrial Commission's decision; therefore, that decision should not be considered by this Court.

Suffice it to say, however, Plaintiff's denials and specu-

lation simply are not enough to overcome Defendant Williams' evidentiary forecast. <u>Sand v. Steele</u>, 218 F.Supp. 2d 788, (E.D. Va. 2002) ("a plaintiff cannot rely on 'mere belief or conjecture, or the allegations and denials contained in his pleadings'"), quoting <u>Doyle v. Sentry Insur.</u>, 877 F. Supp. 1002, 10005 (E.D. Va. 1995). Accordingly, Defendant Williams is entitled to a summary judgment.

   **D.  Defendant Witherspoon:**

Last, Plaintiff alleges that on February 20, 2005, this Defendant attacked him by placing him in full-body restraints for several hours all in response to his having asked for his "diet tray." Plaintiff alleges that such restraints re-injured an area (his left hand) for which he previously had undergone reconstructive. Plaintiff further alleges that he did not receive medical treatment for his re-injury until nearly one month later; that he never received a splint which was ordered for him; and that he used the bathroom on himself during the period of his restraint.

In response, Defendant Witherspoon contends that Plaintiff was placed in restraints by another officer for his having refused to stop causing a disturbance in his cell. Witherspoon further asserts that she merely supervised Plaintiff's restraint, which restraint was performed in accordance with established procedures; that his restraint lasted for four hours; that if Plaintiff was injured during the course of his restraint, it was

14

due to his resistance, not the fact of his restraint; and -- similar to Defendant Williams' response -- that the instant claim of excessive force against Defendant Witherspoon also previously was rejected by the North Carolina Industrial Commission.

In support of her Affidavit, Defendant Witherspoon submitted a copy of the Prison's response to Plaintiff's grievance concerning this matter. The Prison's records reflect investigative findings that Plaintiff was placed in restraints for "being disruptive and kicking [his] cell door," and that no staff member had disrespected Plaintiff or abused their authority. Further, such findings report that Plaintiff "never informed staff concerning [his] left wrist," and there was no evidence in his medical records that he previously had surgery on that wrist. Rather, those records showed that in January 2003, Plaintiff injured his wrist while playing basketball, and x-rays of his wrist were unremarkable. Therefore, Plaintiff's 2003 complaints were treated with a soft splint.

Defendant Witherspoon also submitted a copy of the Industrial Commission's decision rejecting Plaintiff's negligence claims against her and Defendant Williams. Equally critically, the Court has observed, for its own part, that Plaintiff waited eight days to file a grievance about this incident, and that his grievance made no mention of his having had to use the bathroom on himself.

By his reply, Plaintiff concedes that Defendant Witherspoon did not actually place him in restraints inasmuch as he states that on the date in question, Defendant Witherspoon "had Plaintiff placed in full restraints." Nevertheless, Plaintiff still contends that Witherspoon lied during her testimony before the Industrial Commission; therefore, she is not entitled to summary judgment.

As reflected by the foregoing, Plaintiff previously has brought an action based upon the instant facts, claiming that he was injured by "negligence." Thus, to the extent that Plaintiff is estopped from now arguing that Witherspoon acted intentionally to violate his rights, his claim would have to be rejected because mere negligence simply does not state a claim for relief under § 1983. See generally Miltier v. Beorn, 896 F.2d 848 (1990) (noting that mere negligence does not violate the Eighth Amendment). On the other hand, to the extent that Plaintiff is free to abandon his earlier theory of negligence, in light of his concession that Defendant Witherspoon did not actually place him in restraints, he will only be entitled to proceed with his claim against her if he has forecast evidence to establish a claim for supervisory liability.

At the outset of this discussion, the Court notes that Plaintiff's claim must be evaluated in the context of the Supreme Court's observation that "[n]ot every unpleasant action taken by

16

prison officials against inmates [] violates the Eight Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). Rather, "only the unnecessary and wanton infliction of pain constitutes . . . cruel and unusual punishment forbidden by the Eighth Amendment." Id. (Internal quotation marks omitted). Thus, in order to establish a claim for supervisory liability, Plaintiff must forecast evidence showing, at a minimum, that he suffered an Eighth Amendment violation which was caused by Defendant Witherspoon's inaction. Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994). In this context, then, an Eighth Amendment violation occurs when an officer's application of force was not "in a good faith effort to maintain or restore discipline," but rather was applied "maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1993); see also Stanley v. Hejirika, 134 F.3d 629, 633-34 (4th Cir. 1998) (noting that plaintiff must establish: "that the force used by the corrections officers inflicted unnecessary and wanton pain and suffering.") (internal quotation marks and citation omitted).

As has been noted by the Court, both the prison investigator(s) and the Industrial Commission have determined that Plaintiff, in accordance with prison policy, was placed in restraints for four hours as a consequence of his mis-behavior. Furthermore, that evidence showed that Plaintiff did not complain about

17

an injury at the time that he was restrained; and that subsequent medical examinations failed to reveal any evidence to support Plaintiff's claim that he seriously was injured/re-injured by the subject restraints. Thus, on this record, Plaintiff cannot establish any constitutional violation which Witherspoon should have prevented.

This determination is further buttressed by the fact that Plaintiff did not bother to name the restraining officer as a defendant to this action, he does not even mention the officer in this Complaint, and none of the grievances which the Court has reviewed refer to this officer. Thus, while Plaintiff may take issue with the findings of the Prison and the Industrial Commission, other than his unsubstantiated assertions to the contrary, he has failed to forecast any evidence to rebut such information.

Finally, even if Plaintiff could show that Defendant Witherspoon's failure to take action somehow injured Plaintiff, Witherspoon still would be entitled to a summary judgment due to Plaintiff's failure to show that he suffered any more than a <u>de minimis</u> injury. As was previously noted, Plaintiff did not make any contemporaneous complaints of an injury and medical treatment failed to disclose evidence to support his claim. Although this Court understands that Plaintiff need not show a significant injury, the Fourth Circuit has made it clear that "absent the most extraordinary circumstances, a plaintiff cannot prevail on

18

an Eighth Amendment excessive force claim if his injury is <u>de minimis</u>." <u>Norman v. Taylor</u>, 25 F.3d 1259, 1263 (4th Cir. 1994). In fact, the <u>Norman</u> Court stated that <u>de minimis</u> injury can be conclusive evidence that the force used also was <u>de minimis</u> and, therefore, not violative of constitutional protections. <u>Id</u>. at 1264.

In sum, Plaintiff has failed to call this Court's attention to the existence of any evidence which can establish that he is entitled to proceed against Defendant Witherspoon in this Court under either a theory of negligence or of supervisory liability. Therefore, Defendants' Motion for Summary Judgment must be granted, and Plaintiff's Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED that:**

1. Defendants' Motion to Extend Time (document # 16) is **GRANTED, <u>NUNC PRO TUNC</u>;**

2. Plaintiff's Motions for Federal Protective Custody (document ## 5, 9, 17 and 18) are **DENIED;**

3. Plaintiff's Motions for the Appointment of Counsel (document ## 15, 17) are **DENIED;**

3. Plaintiff's Motion for Enforcement of Preliminary Injunction (document # 7) is **DENIED;**

4. Plaintiff's request for an order to show cause for a temporary restraining order (document # 22) is **DENIED;**

5. Defendants' Motion for Summary Judgment is **GRANTED;** and

6. Plaintiff's Complaint is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: August 25, 2009

Graham C. Mullen
United States District Judge